**In re Kenneth J. CRAMER, Jr. Susan R. Cramer, Debtors.**

**No. 01–30115–BKC–SHF.**

United States Bankruptcy Court, S.D. Florida.

June 20, 2003.

Steven A. Zipper, Ft. Lauderdale, FL, for debtors.

### ORDER DENYING DEBTORS' MOTION FOR AUTHORIZATION TO SELL HOMESTEAD SUBJECT TO ALL LIENS AND ENCUMBRANCES

STEVEN H. FRIEDMAN, Bankruptcy Judge.

THIS CAUSE came on to be heard on June 17, 2003, upon the Motion for Authorization to Sell Homestead Subject to all Liens and Encumbrances, filed by Kenneth J. Cramer, Jr. and Susan R. Cramer, Debtors. By way of the motion, the Debtors seek authorization to sell their homestead, located at 15693 80th Lane North, Loxahatchee, Florida, 33470, with all existing mortgages, liens, and encumbrances to attach to the proceeds derived from the sale of the property. The Debtors acknowledge that the proposed sales price of $172,000 will not be sufficient to satisfy all mortgages, liens, and encumbrances against the property, but the

Debtors nonetheless seek authorization to sell the real property, with the proceeds from the sale to be deposited into the trust account for Debtors' counsel, pending further order of court. Upon inquiry by the Court at the June 17th hearing, counsel for the Debtors acknowledged that, since this case had been converted from a chapter 13 proceeding to a chapter 7 proceeding on January 17, 2003, and since the chapter 7 trustee effectively had abandoned the subject property with the filing of his Report of No Distribution on March 17, 2003, no benefit would be derived for creditors from a sale of the property. Rather, counsel for the Debtors confirmed that it was the Debtors' hope that, following a sale of their property, they would be able to negotiate with the creditors holding liens against the proceeds to reduce the amounts to be paid to said creditors, and to extract a portion of the sale proceeds for their personal benefit, free of the claims of creditors. Since this is a chapter 7 proceeding, with no provision for the payment of claims of general unsecured creditors, and since the chapter 7 trustee has abandoned any interest in the subject property, the proposed sale would be a benefit **only** to the **Debtors**, and to the **detriment of their secured creditors**. In order for a trustee to sell property free and clear of liens and encumbrances under 11 U.S.C. § 363(f)(3), the sale price must be greater than the total value of the liens on the property. *In re Canonigo*, 276 B.R. 257 (Bankr.N.D.Cal.2002). It would be a waste of judicial resources, and contrary to the provisions of 11 U.S.C. § 363(f)(3), to permit chapter 7 debtors to sell their homestead property for an amount insufficient to satisfy the claims of all mortgagees and lienholders, and thereafter, to manipulate the claims of the secured creditors in order to salvage a portion of the sale proceeds for the personal benefit of the

debtors. Presumably, if such a sale were permitted, the Debtors, subsequent to confirmation of such a sale, would initiate an adversary proceeding to reduce the amounts of the claims of secured creditors. Since the only interested parties who would benefit from such an undertaking would be the Debtors, to the detriment of secured and unsecured creditors, such an exercise would involve a needless and inappropriate use of judicial resources. Accordingly, the Debtors' Motion for Authorization to Sell Homestead Subject to all Liens and Encumbrances is **denied**.